# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *
CHARLES WILLIAMS,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.
* * * * * * * * * * * * * * * * * * * * * * *

No. 18-732V

Special Master Christian J. Moran

Filed: August 18, 2021

Court of Fed. Claims Rule 25;
Death of petitioner; Decision
dismissing case.

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, counsel of record for petitioner;
Mallori Browne Openchowski, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Represented by Attorney Amy Senerth, Charles Williams asserted that an influenza vaccine caused him to suffer a shoulder injury related to vaccine administration. Pet., filed May 23, 2018. The Secretary disputed this claim. Resp't's Rep., filed Sept. 3, 2019. The case must be dismissed due to the lack of a proper petitioner to maintain the action.

## I.    Procedural History

    Petitioner submitted medical records and, on March 24, 2020, filed an expert report. The Secretary responded with an expert report. During the process of obtaining additional expert reports, the undersigned directed petitioner to submit an affidavit describing the extent of his damages. Order, issued Apr. 28, 2020.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

Petitioner received multiple enlargements of time to file this affidavit. Eventually, in a December 17, 2020 status conference, Ms. Senerth stated that she was no longer able to communicate with Mr. Williams. She also indicated that she found an obituary for him and had tried unsuccessfully to reach his emergency contact.

Ms. Senerth filed a death certificate on March 9, 2021. It indicated that Mr. Williams had passed away on May 3, 2020. Thereafter, Ms. Senerth was directed to file a motion to substitute by June 21, 2021. Order, issued Mar. 23, 2021 (citing Christner v. Sec'y of Health & Human Servs., 145 Fed. Cl. 633 (2019)).

Ms. Senerth attempted to identify any person who might want to pursue this action on behalf of the estate of Mr. Williams. However, she did not succeed. Pet'r's Status Rep., filed June 22, 2021.

## II.     Legal Standard

The Vaccine Rules do not address the consequences of the death of the petitioner. Thus, in absence of any specific direction, the Rules of the Court of Federal Claims (RCFC) are consulted. See Vaccine Rule 1(c).

Rule 25 of the RCFC contains two aspects. First, Rule 25 explains the procedure that may be followed. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Second, if the procedure is not followed, Rule 25 sets forth the consequences. "If the motion is not made within 90 days after service of a statement noting death, the action must be dismissed."

## III.    Discussion

Mr. Williams's petition must be dismissed due to the lack of a proper petitioner to maintain the action. Mr. Williams cannot act as the petitioner because he has died. No one has come forward to substitute for Mr. Williams within the time permitted by Rule 25. Thus, the action must be dismissed.

## IV.    Conclusion

For the foregoing reason, this case is dismissed. The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master